UNITED STATED DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TED WAYNE MOORE** | **CIVIL ACTION NO. 3:11-cv-2219** |
| **LA. DOC #319032** | |
| **VS.** | **SECTION P** |
| **WARDEN,** | **JUDGE ROBERT G. JAMES** |
| **WINN CORRECTIONAL CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Ted Wayne Moore, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2254 on December 27, 2011. Petitioner attacks his 2004 conviction for possession of cocaine with intent to distribute and the hard labor sentence imposed by the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing order of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On September 21, 2004, petitioner was found guilty of possession with intent to distribute cocaine following trial in the Fourth Judicial District Court. Thereafter he was sentenced to serve 20 years at hard labor. [Doc. 1, ¶1-3] Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals arguing claims of insufficiency of the evidence, inadequate waiver of counsel, denial of a motion for continuance, and excessiveness of sentence. On January 13, 2006, his conviction and sentence were affirmed. *State of Louisiana v. Ted W. Moore*, 40,311 (La. App.

2 Cir. 1/13/2006), 920 So.2d 334.

In a letter dated January 16, 2006, petitioner's court-appointed appellate counsel advised him that the Second Circuit had affirmed his conviction. Counsel also advised petitioner that he would be responsible for seeking further direct and collateral review of the conviction, and that there were time limits with regard to seeking further direct or collateral review. According to petitioner, he did not receive this letter until February 24, 2006. [Doc. 7, pp. 38-39, 47-48 (Letter from appellate counsel)]. Petitioner submitted a letter to the Supreme Court requesting an extension of the time limits for seeking further direct review and on April 20, 2006, the Supreme Court granted his request and advised petitioner that he had an additional 60 days from April 20 (or until on or before June 20, 2006) within which to file his writ application. [Doc. 7, p. 37] Petitioner mailed his writ application to the Louisiana Supreme Court on August 23, 2006; it was received and filed on September 13, 2006. [Doc. 7, p. 35] On June 1, 2007, his application for Supervisory and/or Remedial Writs was denied without comment. *State of Louisiana ex rel. Ted W. Moore v. State of Louisiana*, 2006-2267 (La. 6/1/2007), 957 So.2d 167. [See also Doc. 7, p. 58] Petitioner did not seek further direct review in the United States Supreme Court.

Thereafter, petitioner unsuccessfully sought free copies of court documents and transcripts related to his conviction.[1] Petitioner's application for supervisory writs seeking review of the judgments denying free copies was ultimately denied by the Louisiana Supreme Court on October 2, 2009. *State of Louisiana ex rel. Ted W. Moore v. State of Louisiana*, 2008-2951 (La. 10/2/2009),

---

[1] See Doc. 7, pp. 1, 2, 3, 4, 5, 6, 7, 8, 9-25, 27-30, 31-32 (Second Circuit Court of Appeals Judgment, Docket No. 44, 107-KH, dated, October 22, 2008 – order denying free transcripts based on petitioner's failure to allege a particularized need); see also Doc. 8

18 So.3d 106.²

On May 12, 2009, petitioner filed a *pro se* application for post-conviction relief in the Fourth Judicial District Court raising a single claim – the trial court erred in denying petitioner's motion to suppress. On May 15, 2009, the District Court denied relief. [Doc. 7, pp. 59-60] Petitioner sought review of the trial court's denial of his claim in the Second Circuit Court of Appeals and writs were denied on March 11, 2010. [Doc. 7, pp. 61-62, Docket Number 45, 461; Doc. 8] Petitioner sought review in the Louisiana Supreme Court, [Doc. 1, ¶7; Doc. 8] and that court ultimately denied his writ application on August 19, 2011, on the grounds that his application for post-conviction relief was not filed within the 2-year period of limitation established by La. C.Cr.P. art. 930.8. *State of Louisiana ex rel. Ted W. Moore v. State of Louisiana*, 2010-1652 (La. 8/19/2011), 67 So.3d 486.

Petitioner filed the instant petition on December 27, 2011.³

---

² In denying relief, the Supreme Court cited *State ex. rel. Bernard v. Cr.D.C.*, 94–2247, p. 1 (La.4/28/95), 653 So.2d 1174, 1175. In that case, the Court determined that indigent inmates were not entitled to free copies of court documents absent a showing of particularized need. The Court also concluded "An inmate therefore cannot make a showing of particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support."

³ He raised the following claims for relief: (1) The District Judge forced petitioner to proceed to trial without reviewing the discovery evidence; (2) Petitioner was a drug user and did not sell or possess with intent to distribute cocaine; (3) Since there was not evidence to establish that petitioner was in physical possession of cocaine at the time of his arrest, the trial court erred in finding probable cause at the preliminary hearing; (4) Petitioner was denied effective assistance of trial and appellate counsel; (5) Evidence obtained by way of an unlawful search was introduced at trial because the trial court erred when it failed to grant petitioner's motion to suppress; (6) "The district judge allow the district attorney to tell the jury that petitioner distributed when petitioner gave heard dope."; (7) District court erred when it failed to provide petitioner with free transcripts to prepare for post-conviction relief; (8) The trial judge bound petitioner over to trial without any physical evidence of guilt; (9) The district judge denied petitioner the right to subpoena witnesses; (10) The trial judge denied petitioner his right to counsel; (11) The District Court and the Court of Appeals failed to "answer" petitioner's application for post-conviction relief and his motion for subpoena duces tecum of the audio tape

*Law and Analysis*

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[4]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a <u>properly filed application</u> for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). A state post-conviction petition, which was rejected by the state court as untimely under the state's statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus cannot toll the limitations period. *Pace v. DiGuglielmo,*544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (Apr 27, 2005) Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d

---

of the preliminary hearing; (12) The witnesses changed their testimony from the preliminary hearing to the motion to suppress; (13) The State courts have refused to respond to petitioner's motion for a subpoena duces tecum of the audio tape of the preliminary hearing; and, (14) The Supreme Court also refused to respond to petitioner's motion for subpoena duces tecum.

[4] The pleadings and exhibits do not suggest that any State created impediments prevented the filing of this petition. Further, the claims asserted do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. [See 28 U.S.C. § 2244(d)(1)(B) and, (C)] Finally, it does not appear that petitioner may rely upon the provisions of §2244(d)(1)(D) since the petition does not allege the late discovery of the factual basis for the petition.

326 (5th Cir. 1999).

On January 13, 2006, petitioner's conviction was affirmed by the Second Circuit Court of Appeals. *State of Louisiana v. Ted W. Moore, 40,311* (La. App. 2 Cir. 1/13/2006), 920 So.2d 334. His application for writs on direct review was denied by the Louisiana Supreme Court on June 1, 2007. *State of Louisiana ex rel. Ted W. Moore v. State of Louisiana*, 2006-2267, (La. 6/1/2007), 957 So.2d 167. Petitioner did not seek further direct review in the United States Supreme Court. Assuming, as argued by petitioner, that his writ application to the Louisiana Supreme Court was timely, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about September 1, 2007, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.)  Since petitioner's judgment of conviction became final for AEDPA purposes on September 1, 2007, petitioner had one year, or until September 1, 2008, to file his federal *habeas corpus* suit.

The available evidence establishes that petitioner filed his first and only application for post-conviction relief in May 2009, and, that application was ultimately dismissed as time-barred by the Louisiana Supreme Court. *State of Louisiana ex rel. Ted W. Moore v. State of Louisiana*, 2010-1652 (La. 8/19/2011), 67 So.3d 486.  Petitioner could not rely upon his untimely application for post-conviction relief to toll the limitations period and therefore, since more than one-year elapsed un-tolled from September 1, 2007, until the date petitioner filed his habeas petition, dismissal as time-barred is appropriate.

Further, petitioner cannot rely upon the pendency of his numerous and various motions seeking production of documents because such motions are not considered "properly filed applications for State post-conviction or other collateral review ..." as defined by § 2244(d)(2) so as to toll the limitations period established by § 2244(d)(1). See *Boyd v. Ward*, 2001 WL 533221, *4 (E.D.La.2001); *Brisbon v. Cain*, 2000 Wl 45872, *2 (E . D.La.2000); *Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir.2002) citing *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir.1997) (motion for appointment of counsel does not toll the one-year limitation period); *See also Myers v. Cain*, 2001 WL 1218763, *4 (E.D.La., 2001).

### *Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also

*Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Here, although provided the opportunity to do so, petitioner failed to show that some "extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75 (5th Cir.2010).

Petitioner may imply that he was impeded in his efforts by the Louisiana courts' consistent refusal to provide the free transcripts he continuously sought. However, at each instance, he was advised that such documents would be available only upon his assertion of a particularized need, a caution he did not heed.

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to

file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, March 12, 2012.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE